UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYESHA ISOM, )<br>)<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANTONIO GUTERRES, *et al.*, )<br>)<br>    Defendants. ) | Civil Action No. 1:24-cv-01104 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Denton, Texas, sues the Secretary-General of the United Nations and the Denton County District Attorney, citing, without any explanation, the Ohio and Texas local codes, and the Uniform Code of Military Justice. *See* Compl. at 1–3. The complaint is vague and rambling, alleging a wide-spread conspiracy, and oscillating through disparate topics, including, "UN General irresponsibility," "Haiti women with drug addiction and AIDS," genocide,

"borrowed money from foreign corporations," "the NFL Soccer Federation," online sports gambling, homelessness, "security on [plaintiff's] properties," "US Tax payer's revenue," and "foreign soldiers" in the United States armed forces. *See id*. at 6. Plaintiff demands "500 billion dollars to the US federation," and asks this court to "restore sanity in the US economy[.]" *See id*.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Consequently, the complaint and this case are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 20, 2024

                                    /s/
                              AMIT P. MEHTA
                           United States District Judge